JAPHET & CO.

     vs

SOUTHERN RY. CO, and

DIRECTOR GENERAL OF R. RDS.

No. 7614.

7614

November 6th, 1919.

7614

CHARLES F. CLAIBORNE, JUDGE.

This suit was filed November 7th, 1918. The plaintiffs reside in Houston, Texas. They allege that the Southern Railway Company, a corporation domiciled in Richmond, Virginia, but doing business in Louisiana, is indebted to them under the following cause of action: that on June 29th, 1917 ten barrels of whiskey were delivered to the defendant railway consigned to the petitioners at Houston, as appears by the defendants' bill of lading annexed to the petition; that said whiskey was destroyed at East St. Louis, Illinois, on July 2d, 1917 while it was in the custody of the defendant and through its fault and negligence; and they pray for judgment against the railway company for $1202.58 the value of the whiskey.

The railway company was cited.

On January 6th, 1919, the following motion and order was filed:

"On motion of Japhet & Co. x x x and on suggesting to the Court, that under general order No. 50 of the Director General of Railroads, the said Director General should oe made a party defendant, or should oe made the defendant in all suits against railroad companies under the control and subject to the regulations of the Director General of the United States Railroad administration."

"It is ordered by the Court that W. E. Mc Adoo, Director General of Railroads be made a party defendant, or be substituted in lieu of the party defendant, in the above entitled and numbered cause, and that he be duly cited to appear and answer to the petition filed herein".

24

The Director General was cited.

The Southern Railway Company excepted "that this court has no jurisdiction of it or of this litigation".

The Director General of Railroads excepted "that this court has no jurisdiction of it or of this litigation". *as to both defendants*

The exception to the jurisdiction was maintained and plaintiffs+ suit was dismissed. Plaintiff has appealed.

The exception to the jurisdiction is based upon General Order No. 18 issued April 9th, 1918 as amended by General Order No. 18 A issued April 18th, 1918, which reads as follows:

"Whereas the Act of Congress approved March. 21st, 1918, entitled An Act to provide for the operation of Transportation Systems while under Federal Control, provides ( Section 10 ): "That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this Act or with any order of the President x x x But no process, mesne or final, shall be levied against any property under such Federal control, and

"Whereas it appears that suits against carriers for personal injuries, freight, and damage claims, are being brought in states and jurisdictions far remote from the place where plaintiffs reside or where the cause of action arose, the effect thereof being that men operating the trains engaged in hauling war materials, troops, munitions, or supplies, are required to leave their trains and attend court as witnesses, and travel sometimes for hundreds of miles from their work necessitating absence from their trains for days and sometimes for a week or more, which practice is highly prejudicial to the just interests of the Government and seriously interferes with the physical operation of the railroads, and the practice of suing in remote jurisdictions is not necessary for the protection of the rights or the just interests of plaintiffs, It is therefore ordered, That all suits against carriers

25

while under Federal control must be brought in the county or district where the plaintiff resides at the time of the accrual of the cause of action or in the county or district where the cause of action arose".

The defendant has referred us to the case of Wainright vs Pennsylvania R. Rd. , 253 Federal Rep. p 459 decided October 22d, 1918 in Missouri in which the power of Congress to pass the Act of March 21, 1918 was recognized and the right of the Director General to designate the place where the suit should be brought was upheld -, in so far as an action instituted in a Court of the United States is concerned. See also 80 So. Rep., 770.

In Eriesen vs Chicago Ry., 254 Fed. Rep. p 875 (879), (Nebraska) the Court said they were unable to concur in this opinion:

In Cocker vs New York Ry. Co., 253 Federal Rep. p 676 (New York) the Court said in June 1918:

"It will be seen from the foregoing that this Court will dismiss any case brought after a promulgation of the foregoing orders (18 and 18 A) in a county or District elsewhere than where the plaintiff resided at the time of the accrual of the cause of action or where the cause of action arose". (p 677).

The plaintiff on the other hand relies upon the cases of Moore vs Atkinson Ry., 174 N. Y. S, 60, where it was held that the agents of the Government had no power to issue orders 18 or 18 A in so far as to control state courts.

To the same effect is El Paso R. Rd. vs Lovick, 210 S. W., 283.

In the matter of Jensen vs Lehigh Valley R. Co., 255 Fed Rep. 795, a motion to substitute the Director General of Railroads in place of defendant was denied.

In Rutherford vs Union Pacific Ry. it was said p. 881: "It would have been an anomaly to have given the actual control of the railroads to the Director General, and to have provided that suits arising out of his acts should be brought against the corporations who had been divested of authority over those acts".

26

By analogy it would be unreasonable to hold that a suit could be brought against the Director for a breach of contract committed before he took charge. ·

In the midst of this conflict of opinions we prefer to adopt the learned and clear opinion of Judge Rufus E. Foster of the United States District Court, that the jurisprudence of the State Courts should be in harmony with the Federal jurisprudence in this District. In the case of Johnson vs Mc Adoo, 257 Federal Reporter p 757 the Judge said:

> "Under Act March 21, 1918 litigants could sue railroad companies under federal direction, just as they had previously been able to do and in such courts as had jurisdiction under the general law. It was competent for the federal Director General of Railroads to stipulate in what jurisdiction he might be sued, but his authority to make rules and regulations did not authorize the setting aside of the plain provisions of Act March 21 of 1918 as to the railroad companies".

For these reasons the Judgment below is affirmed as to W. G. Mc Adoo, Director General of Railroads; but reversed as to the defendant railroad, and it is now ordered that the exception of the defendant the Southern Railway Company be overruled and dismissed and that this case as to it be remaned to the District Court to be tried according to law.

Judgment amended and affirmed.
Monday, November 6th, 1919.